CLYBORN, D. B. A. HIGHLAND CONSTRUCTION CO., APPELLEE, v.
REEVES ET AL., APPELLANTS; ET AL., APPELLEES.

(No. 8507—Decided February 27, 1968.)

*Messrs. Lucas, Prendergast, Albright & Warren* and
*Mr. William F. Newman*, for plaintiff-appellee.
*Mr. W. C. Egelhoff*, for appellants.
*Messrs. Metz, Bailey & Norris*, for defendant-appellee
The Cellar Lumber Company.
*Mr. Hylas A. Hilliard* and *Mr. Donald L. Littell*, for
defendant-appellee Buckeye Federal Savings & Loan Assn.
*Mr. C. Howard Johnson*, prosecuting attorney, for de-
fendant-appellee Franklin County Treasurer.

DUFFEY, P. J. Appellee The Cellar Lumber Company filed a motion to reconsider.

Appellants have moved to strike because such appellee's motion was filed after the time provided by Section 2505.071, Revised Code. Late filing relieves this court of an obligation to entertain appellee's motion, but does not deprive the court of the authority to act at any time prior to the journalizing of a final order.

In our previous decision, the majority found that some of the material furnished on May 31, 1962, did not meet specifications. The materials were not incorporated into the structure. Thus, the import of that holding was that, even assuming a valid lien, appellee could not recover for materials which were not within specifications and not incorporated in the structure.

The primary holding of the previous decision was that the delivery of May 31, 1962, did not qualify under Section 1311.02, Revised Code. To be perfected, a mechanic's lien must be filed within sixty days of the last materials furnished. Since all other deliveries were more than sixty days before appellee's filing, its lien was not timely. The lien itself being invalid for late filing, the majority ordered a reversal.

To qualify, material must be (1) furnished "by virtue of a contract, express or implied, with the owner, * * * or his authorized agent," or (2) furnished "in carrying forward, performing, or completing any such contract" (*i. e.*, one with the owner or his agent).

In the present case, appellee The Cellar Lumber Company sold materials directly to Arthur M. and Ralph E. Holley for a residence being built by the Holleys on land owned by the Holleys. The evidence indicates that Holleys had merely a running account with Cellar, *i. e.*, a vendor-vendee relation based upon transaction by transaction dealings. While Cellar had prepared and submitted estimates on the material requirements for this house and others for the Holleys, there is no direct evidence that Cellar had any contract with the Holleys, which bound the Holleys to buy and Cellar to sell those materials. How-

ever, we need not decide whether each separate transaction constituted the type of "contract" contemplated by Sections 1311.02 and 1311.04, Revised Code. We have assumed that the series of transactions together constituted a "contract" and could therefore support a single lien perfected by one affidavit filed within sixty days of the last such sale and delivery. On that assumption, Cellar was dealing directly with the owners (Holleys), and the materials were furnished "by virtue of a contract * * * with the owner."

However, the Holleys sold the property to two ladies, the Reeves. The Reeves moved in and commenced living in the residence. Some six weeks later, the Holleys ordered material from Cellar for delivery at the Reeves' home, and it was delivered May 31, 1962, and accepted by an employee of the Holleys. It was never used on the Reeves' house. Some of it was usable on the house, but some was not shown to be within the specifications. The Reeves did not order the material, and there is no evidence that the Holleys were authorized by them to order any material for them. There is no showing that the Reeves had a construction contract with the Holleys to perform any work or furnish any materials for their home.

The May 31, 1962, delivery cannot qualify as material furnished by virtue of a contract between Cellar and the then owners, the Reeves. They had no contract with Cellar. Neither can Cellar claim that it furnished that material "in carrying forward, performing, or completing" any construction contract between the Reeves and the Holleys. The only contract between the Holleys and the Reeves which is shown by the evidence is that by which the Reeves bought the property six weeks earlier.

Appellee appears to contend that it is not necessary to have a contract with the present owner if the material was furnished pursuant to a contract with a former owner. Under Section 1311.02, Revised Code, it is clear that the lien for materials furnished attaches as of the first delivery and "runs with the land" in the sense that it may be perfected against a subsequent transferee for the materials furnished before transfer. The fact of a conveyance of

title would not affect the capacity to perfect a lien. However, that is not the problem here. In this case, appellee wishes to use a delivery made to the Reeves to qualify a lien for materials furnished to the Holleys, and do so without showing that the Reeves adopted the contract (if any) between Cellar and the Holleys or that they ever themselves contracted with the Holleys for any work. In so stating, we do not mean to pass on the question of whether deliveries under a contract between the Holleys and the Reeves would necessarily give rise to a single lien encompassing materials previously furnished under a contract between Cellar and the Holleys. We merely point out that Cellar could not qualify even assuming it was entitled to tack the two contracts together for one lien.

*Motion to reconsider overruled.*

Duffy, J., concurs.
Troop, J., dissents.